```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VINCENT ROCCO,

                Plaintiff,

        -against-                   MEMORANDUM AND ORDER
                                    07-CV-3116 (JS)(WDW)


LANCE PALMER and DIANNE VANDUNK,

                Defendants.
----------------------------------X
Appearances:
For Plaintiff:          Vincent Rocco, pro se
                        29 Sanford Court
                        North Woodmere, New York 11581

For Defendants:         No appearance
```

SEYBERT, District Judge:

## INTRODUCTION

Presently before the Court is the Complaint of pro se Plaintiff Vincent Rocco ("Plaintiff"). Plaintiff alleges several state law claims relating to an adulterous affair between the Defendants. For the reasons below, the Court dismisses with prejudice Plaintiff's Complaint.

## LEGAL STANDARD

It is axiomatic that the Court read the Complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (stating that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir.

2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). At this stage of the proceedings, the Court must weigh in favor of the Plaintiff his factual allegations in the Complaint. See Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). However, the Court may dismiss an in forma pauperis claim if the Court finds it is based on "indisputably meritless legal theory." Id.

Further, in Bell Atl. Corp. v. Twombly, _ _ U.S. _ _, 127 S. Ct. 1955, _ _ L. Ed. 2d _ _(2007), the Supreme Court recently abandoned the long-standing precedent that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), overruled by Bell Atl. Corp., 127 S. Ct. 1955 (2007). Holding that "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough," the Supreme Court expressly rejected the standard in favor of a requirement that the plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp., 127 S. Ct. at 1969, 1974. The Court explained that the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.

The Second Circuit has interpreted Bell Atlantic to

require "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, No. 05-5768, 2007 U.S. App. LEXIS 13911, at *35 (2d Cir. June 14, 2007). Moreover, in applying this new standard, the district court must still "read the facts alleged in the complaint in the light most favorable" to the plaintiff and accept these factual allegations as true." H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 249-50, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989).

A court must liberally consider a pro se plaintiff's complaint - like the Plaintiff's in this case. Though a pro se plaintiff is not given so much liberty that he or she is held to different procedural or substantive rules of law, a district court must "construe the complaint broadly and interpret it to raise the strongest arguments that it suggests." Wiexel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002) (internal quotation marks and citations omitted); see Colo. Capital v. Owens, No. 03-1126, 2005 U.S. Dist. LEXIS 5219, at *9 (E.D.N.Y. Mar. 16, 2005).

Generally, a district court should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Aquino v. Prudential Life and Casualty Ins. Co., 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005) (citing Thompson

v. Carter, 284 F.3d 411, 419, (2d Cir. 2002)). Nevertheless, "futility is a valid reason for denying a motion to amend . . . where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2d Cir. 1999) (internal quotation marks and citations omitted). When a plaintiff fails to present any arguably meritorious claims, any additional amendments to a complaint would be futile. See Marchi v. Bd. of Coop. Educ. Servs. of Albany, 173 F.3d 469, 478 (2d Cir. 1999), cert. denied, 528 U.S. 869, 120 S. Ct. 169, 145 L. Ed. 2d 143 (1999).

## BACKGROUND

Plaintiff alleges that he photographed the Defendants, his wife Dianne Vandunk and her companion, Lance Palmer, in bed committing adultery, and that as a result of their adulterous affair, he obtained a divorce against his wife. Plaintiff further claims that their adultery caused him emotional, psychological, and medical injury. He seeks damages of several million dollars.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth in 28 U.S.C. §§ 1331 and 1332. Under § 1331, federal jurisdiction lies when a federal question is presented. See 28 U.S.C. § 1331. Section 1332 dictates that federal jurisdiction is available when the plaintiff and defendant are of diverse citizenship and the amount in question exceeds

4

$75,000.  See 28 U.S.C. § 1332; <u>United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.</u>, 30 F.3d 298, 301 (2d Cir. 1994) ("'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'  Where jurisdiction is lacking, moreover, dismissal is mandatory." (quoting <u>Manway Constr. Co. v. Housing Auth. of Hartford</u>, 711 F.2d 501, 503 (2d Cir. 1983)); <u>see</u> <u>also</u> Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

Plaintiff's claim does not provide a basis for federal jurisdiction under 28 U.S.C. § 1331.  To invoke federal question jurisdiction, a plaintiff's allegations must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law."  <u>New York v. White</u>, 528 F.2d 336, 338 (2d Cir. 1975).  Here, Plaintiff's allegations do not relate to the interpretation or application of federal law.  Plaintiff does not allege nor can he allege that the Defendants' conduct deprived the Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States for a possible 42 U.S.C. § 1983 claim.  Adulterous relations – no matter how terrible – are not Constitutional violations.

5

Federal jurisdiction is also unavailable under § 1332 because the parties are not of diverse citizenship. The Plaintiff and Defendants are citizens of New York. (Compl. ¶¶ 1-3.) Therefore, diversity of citizenship is not complete. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990) ("It is well established that for a case to come within this statute there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citations omitted).

## **CONCLUSION**

The Court DISMISSES the Complaint with prejudice. The Clerk of the Court is ordered to mark this matter as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: Central Islip, New York
      October 9, 2007